UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD BOURSIQUOT

VS.  CIVIL ACTION NO.:

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK and
JOHN DOES I-V

## COMPLAINT

### Parties

1. Plaintiff, Gerald Boursiquot, is a resident of the City of Bridgeport, State of Connecticut.

2. Upon information and belief, Defendant National Railroad Passenger Corporation d/b/a Amtrak ("**Amtrak**") is a private corporation qualified to do business in the State of Rhode Island and is subject to the jurisdiction of this Court.

3. Defendants John Doe I-V are individuals or businesses separate from each other defendant, and subject to the jurisdiction of this Court.

4. Upon information and belief, Defendant Amtrak was created by an Act of Congress, 49 U.S.C §§24101, et. seq., and more than one-half of its capital stock is owned by the United States.

### Jurisdiction and Venue

5. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§1331 and 1349.

### Introduction

6. On October 30, 2020 Plaintiff Gerald Boursiquot slip and fell on snow and/ or ice on Amtrak property located at 100 Gaspee Street in the City of Providence, State of Rhode Island. As a result of the fall, Plaintiff Gerald Boursiquot suffered personal injuries.

## Count I
## Negligence Amtrak

7. On or about the 30th day of October, 2020, the Defendant, its agents, servants and/or employees, were in possession of, and/or had control of and/ or were owners of certain premises located at 100 Gaspee Street in the City of Providence, State of Rhode Island.

8. Plaintiff, Gerald Boursiquot, avers that on or about October 30, 2020, he was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendant by and through its agents, servants and/or employees, to exercise all due care and caution for the safety of the Plaintiff.

9. Plaintiff, Gerald Boursiquot, avers that while he was lawfully on the aforementioned property, the Defendant by and through its agents, servants and/or employees, unmindful of its duty, negligently allowed snow and/or ice to exist on the ground

10. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendant knew, or in the exercise of due care, should have known.

11. At all times pertinent hereto, Plaintiff was in the exercise of due care.

12. As a direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, Gerald Boursiquot, fell.

13. As a further direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for his treatment, and was unable to perform his usual daily activities.

14. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count II
### Respondeat Superior as to Amtrak

15. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 14.

16. At all material times the staff was employed by and were agents, servants and employees of Defendant Amtrak.

17. The above-described acts of the staff and other employees were committed within the scope of employment in that they were committed while on duty and in furtherance of Defendant Amtrak.

18. As the employers of staff and other employees, Amtrak is responsible for all of the negligent acts committed by these employees within the scope of employment.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count III
### Negligence Jones Does I-V

19. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 18.

20. On or about the 30th day of October, 2020, the Defendants owned, managed, maintained or otherwise controlled the Amtrak located at 100 Gaspee Street, Providence, Rhode Island.

21. Plaintiff, Gerald Boursiquot, avers that on or about October 30, 2020, he was lawfully on the premises aforementioned. Plaintiff further avers that thereupon it became and was the duty of the Defendants by and through their agents, servants and/or employees, to exercise all due care and caution for the safety of the Plaintiff.

22. Plaintiff, Gerlad Boursiquot, avers that while he was lawfully on the aforementioned property, the Defendants by and through their agents, servants and/or employees, unmindful of their duty, negligently allowed snow and/or ice to exist on the ground.

23. Plaintiff avers that the aforementioned condition was a hazardous condition of which the Defendants knew, or in the exercise of due care, should have known.

24. At all times pertinent hereto, Plaintiff was in the exercise of due care.

25. As a direct and proximate result of the negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, Gerald Boursiquot, fell.

26. As a further direct and proximate result of the negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, was physically and mentally impaired, both temporarily and permanently, did expend and will continue to expend monies for his treatment, and was unable to perform his usual daily activities.

27. The amount in controversy is sufficient to establish the jurisdiction of this Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

## Count IV
## Respondeat Superior as to John Does I-V

28. Plaintiff reiterates and incorporates by reference herein each allegation set forth in paragraphs 1 through 27.

29. At all material times the staff was employed by and were agents, servants, and employees of Defendants John Does I-V.

30. The above-described acts of the staff and other employees were committed within the scope of employment in that they were committed while on duty and in furtherance of Defendants John Does I-V.

31. As the employers of staff and other employees, Defendants John Does I-V were responsible for all of the negligent acts committed by these employees within the scope of employment.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in an amount sufficient to satisfy the jurisdictional requirements of this Honorable Court together with costs and whatever further relief this Court deems just.

**The Plaintiff demands trial by jury and designates Mark A. Fay as trial counsel.**

Plaintiff,
Gerald Boursiquot,
By His Attorney,

/s/ Mark A. Fay
Mark A. Fay, Esquire #4208
MURPHY & FAY, LLP
127 Dorrance Street, 2nd Floor
Providence, RI  02903
Tel: 401-490-3200
Fax: 401-490-3207
mark@murphyandfay.com